**DENTONS US LLP**
Shawn L. Kelly, Esq.
Erika M. Lopes-McLeman, Esq.
shawn.kelly@dentons.com
erika.lopes-mcleman@dentons.com
101 JFK Parkway, 4th Floor
Short Hills, New Jersey 07078
Telephone: (973) 912-7100
Facsimile: (973) 912-7199
*Attorneys for Plaintiff Kansas City Life Insurance Company*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KANSAS CITY LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>JUN RONG CHEN, GLEN BAY MARKETING NETWORK INC., CUICUI FANG a/k/a BELLA FANG, and GOLDEN COVE FINANCIAL GROUP, INC.<br><br>Defendants. | Civil Action No. _____<br><br><br><br>**COMPLAINT** |

Plaintiff Kansas City Life Insurance Company ("KCL"), by their attorneys, Dentons US LLP, for their Complaint against Defendants Jun Rong Chen ("Chen"), Glen Bay Marketing Network Inc. ("Glen Bay"); CuiCui Fang a/k/a Bella Fang ("Fang"), and Golden Cove Financial Group, Inc. ("Golden Cove") in this action, allege as follows:

1

## NATURE OF THE ACTION

1. KCL brings this action to recover from Glen Bay and its Vice President and Controlling Shareholder Jun R. Chen, damages totaling $566,139.92 under various contracts between Chen, Glen Bay, and KCL. Chen and Glen Bay are former general agents of KCL.

2. Chen and Glen Bay owe the aforementioned sum to KCL because KCL reversed certain commissions it paid to Chen and Glen Bay for their sales of life insurance policies. Such life insurance policies were issued to policyholders located in several states including New Jersey but were later rescinded by agreement with the policyholders and cancelled by KCL, and KCL thereafter refunded all premiums to the policyholders. Under their general agent contracts with KCL, Chen and Glen Bay are required to repay commissions paid to them as general agents and to their subagents when those commissions were based on premiums KCL later refunded to policyholders. In addition, Chen personally guaranteed all debt incurred by Glen Bay.

3. KCL also brings this action to recover from Golden Cove and its Secretary and Controlling Shareholder CuiCui Fang, damages totaling $169,691.23 under various contracts between Fang, Golden Cove, and KCL. Fang and Golden Cove are former general agents of KCL. Prior to becoming a general agent, Fang was a subagent of Chen and Glen Bay.

4. Fang and Golden Cove owe the aforementioned sum to KCL because KCL reversed certain commissions it paid to Fang and Golden Cove for their sales of life insurance policies. Such life insurance policies were issued to policyholders located in several states including New Jersey, but were later rescinded by agreement with the policyholders and cancelled by KCL, and KCL thereafter funded all premiums to the policyholders. Under their general agent contracts with KCL, Fang and Golden Cove are required to repay commissions paid to them as general agents and to their subagents when those commissions were based on premiums KCL later refunded to policyholders. In addition, Fang personally guaranteed all debt

incurred by Golden Cove.

5. KCL has demanded that Glen Bay and Chen pay the balance owed to KCL, which currently amounts to $566,139.92, but Glen Bay and Chen have failed to pay the balance despite KCL's demands.

6. KCL has also demanded that Golden Cove and Fang pay the balance owed to KCL, which currently amounts to $169,691.23, but Golden Cove and Fang have failed to pay the balance despite KCL's demands.

7. KCL has therefore commenced this action to recover the balance owed to KCL, plus applicable interest and attorneys' fees, costs and expenses.

## THE PARTIES

**Kansas City Life Insurance Company**

8. Plaintiff KCL is a life insurance company organized and existing under the laws of the State of Missouri, with its principal office located in Kansas City, Missouri. KCL is licensed to issue life insurance policies in the State of New Jersey and in the other states where Chen, Glen Bay, Fang, and Golden Cove sold KCL policies.

**Jun Rong Chen**

9. Defendant Chen is an individual who, upon information and belief, currently resides at 31 Westland Dr., Glen Cove, New York 11542-1024.

10. Chen was licensed by the State of New Jersey as an insurance agent authorized to sell life insurance policies within the State. Chen was also licensed to sell life insurance in the following States: Michigan, Maryland, New York, Ohio, Pennsylvania, Virginia, and Connecticut.

11. As a general agent of KCL, Chen engaged in marketing and solicitation activities concerning the sale of life insurance policies to consumers in New Jersey and other states where KCL is licensed to sell life insurance policies.

12. Further, Chen and/or his subagents sold KCL life insurance policies to policyholders within the State of New Jersey. Certain of the life insurance policies sold by Chen and/or his subagents to policyholders in New Jersey were part of the group of policies rescinded by agreement with the policyholders and cancelled by KCL for which KCL now seeks repayment of the commissions that were based on the premiums KCL refunded to the policyholders.

13. Chen acted as a KCL general agent from approximately April 2015 through August 2017.

**Glen Bay Marketing Network Inc.**

14. Defendant Glen Bay is a corporation organized and existing under the laws of the State of New York and, upon information and belief, has its principal office located at 34-10 Union Street #2R, Flushing, New York 11354.

15. Glen Bay was a general agent of KCL which had several subagents who were licensed by the State of New Jersey as insurance agents authorized to sell life insurance policies within the State. Glen Bay was also licensed to sell life insurance in New York.

16. As a general agent of KCL, Glen Bay engaged in marketing and solicitation activities concerning the sale of life insurance policies to consumers in New Jersey and other states where KCL is licensed to sell life insurance policies.

17. Further, Glen Bay and/or its subagents sold KCL life insurance policies to policyholders within the State of New Jersey. Certain of the life insurance policies sold by Glen

4

Bay and/or his subagents to policyholders in New Jersey were part of the group of policies rescinded by agreement with the policyholders and cancelled by KCL for which KCL now seeks repayment of the commissions that were based on the premiums KCL refunded to the policyholders.

18. Glen Bay acted as a KCL general agent from approximately April 2015 through August 2017.

19. Upon information and belief, Chen is the Vice President and Controlling Shareholder of Glen Bay.

**CuiCui Fang**

20. Defendant Fang is an individual who, upon information and belief, currently resides at 8837 242nd Street, Bellerose, New York 11426-1266.

21. At all relevant times, Fang was licensed by the State of New Jersey as an insurance agent authorized to sell life insurance policies within the State. Fang was also licensed to sell life insurance in California, Colorado, Connecticut, Illinois, Massachusetts, New York, among other States.

22. As a general agent of KCL, Fang engaged in marketing and solicitation activities concerning the sale of life insurance policies to consumers in New Jersey and other states where KCL is licensed to sell life insurance policies.

23. Further, Fang and/or her subagents sold KCL life insurance policies to policyholders within the State of New Jersey. Certain of the life insurance policies sold by Fang and/or her subagents to policyholders in New Jersey were part of the group of policies rescinded by agreement with the policyholders and cancelled by KCL for which KCL now seeks

repayment of the commissions that were based on the premiums KCL refunded to the policyholders.

24. Fang acted as a KCL general agent from approximately April 2016 through August 2017.

**Golden Cove Financial Group, Inc.**

25. Defendant Golden Cove is a corporation organized and existing under the laws of the State of New York and, upon information and belief, has its principal office located at 3915 Main St., Suite 203, Flushing, New York.

26. Golden Cove was a general agent of KCL which had several subagents who were licensed by the State of New Jersey as insurance agents authorized to sell life insurance policies within the State. Golden Cove was also licensed to sell life insurance in Colorado, Connecticut, Delaware, Maryland, New York, Texas, among other States.

27. As a general agent of KCL, Golden Cove engaged in marketing and solicitation activities concerning the sale of life insurance policies to consumers in New Jersey and other states where KCL is licensed to sell life insurance policies.

28. Further, Golden Cove and/or its subagents sold KCL life insurance policies to policyholders within the State of New Jersey. Certain of the life insurance policies sold by Golden Cove and/or its subagents to policyholders in New Jersey were part of the group of policies rescinded by agreement with the policyholders and cancelled by KCL for which KCL now seeks repayment of the commissions that were based on the premiums KCL refunded to the policyholders.

29. Golden Cove acted as a KCL general agent from approximately April 2015 through August 2017.

**JURISDICTION AND VENUE**

30. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332, because it involves citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

31. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial number of events, actions and/or omissions giving rise to the claims occurred within this District.

32. This Court has personal jurisdiction over the defendants in this matter because defendants solicited applications for life insurance policies and annuity contracts to prospective policyholders in New Jersey, defendants sold life insurance policies and annuity contracts to policyholders in New Jersey, and certain of the policies which were rescinded by KCL by agreement with the policyholders thus resulting in KCL demanding that defendants refund policy premiums were policies that were issued to policyholders in New Jersey.

**FACTUAL ALLEGATIONS**

**The General Agent Contract Between Chen, Glen Bay, and KCL**

33. On or around April 10, 2015, Defendant Chen and Plaintiff KCL entered into a General Agent Contract ("Chen General Agent Contract"). (**Exhibit A**).

34. Pursuant to the Chen General Agent Contract, KCL authorized Chen to solicit applications for life insurance policies and annuity contracts to be issued by KCL.

35. Further, pursuant to the Chen General Agent Contract, KCL also authorized Chen to collect certain premiums on the policy and annuity contracts Chen solicited. In exchange, KCL agreed to pay Chen "commissions and service fees on policies issued as a result of applications solicited by you and your subagents . . . ."

36. The Chen General Agent Contract also provided: "You will be responsible to repay commissions which were advanced to you and your subagents but not earned."

37. The Chen General Agent Contract also included a provision entitled "Repayment of Commissions" under which Chen "agreed to repay any amounts paid" to Chen "which were based on premiums [KCL] later refunded."

38. The Chen General Agent Contract further stated that "we may deduct any amounts you or your agents owe us or an affiliate company from any amounts due you. This will not affect our right to collect indebtedness by other means."

39. The Chen General Agent Contract further stated that "You agree to forfeit any amounts due you under this contract if you: . . . C. violate 1. the terms of this contract; 2. our rules; or 3. insurance laws or regulations in the states in which you and your subagents solicit applications."

40. Defendant Chen and Plaintiff KCL also entered into a Business Organization Agreement which amended the Chen General Agent Contract and enabled a New York corporation called "Glen Bay Marketing Network" to act as a general agent of KCL (the "Glen Bay Business Organization Agreement"). (**Exhibit B**).

41. The Glen Bay Business Organization Agreement listed Chen as the Secretary and Vice President of Glen Bay and as a person holding a controlling interest in Glen Bay.

42. Chen signed the Glen Bay Business Organization Agreement as a personal guarantor to the general agent contract.

43. As regards the personal guarantee, the Glen Bay Business Organization Agreement also stated that "[e]ach Personal Guarantor[] to the General Agent Contract . . . jointly and severally, agree(s) to guarantee all debt incurred by the business organization under

the General Agent Contract and to grant a first lien security interest and assign to us all compensation which is or may be paid to the guarantor(s) by us, or on contracts with an affiliated company as security for payment of all debt and all other amounts due or that become due."

**Fang Is Employed As A Subagent for Glen Bay But Is Later Released To Open Her Own Insurance Agency**

44. In or around June 2015, Glen Bay contracted with Fang to serve as a subagent.

45. During Fang's employment as a subagent with Glen Bay, she solicited applications for life insurance policies and annuity contracts that were ultimately issued by KCL.

46. On or around April 20, 2016, Chen wrote to KCL informing KCL that Chen was releasing Fang from Glen Bay and authorizing her to start her own insurance agency.

**The General Agent Contract Between CuiCui Fang, Golden Cove, and KCL**

47. On or around April 15th, 2016, Plaintiff KCL and Defendant Fang entered into a General Agent Contract ("Fang General Agent Contract"). (**Exhibit C**).

48. Pursuant to the Fang General Agent Contract, KCL authorized Fang to solicit applications for life insurance policies and annuity contracts to be issued by KCL.

49. Pursuant to the Fang General Agent Contract, KCL also authorized Fang to collect certain premiums on the policy and annuity contracts Fang solicited. In exchange, KCL agreed to pay Fang "commissions and service fees on policies issued as a result of applications solicited by you and your subagents . . . ."

50. The Fang General Agent Contract also provided: "You will be responsible to repay commissions which were advanced to you and your subagents but not earned."

51. The Fang General Agent Contract also included a provision entitled "Repayment of Commissions" under which Fang "agreed to repay any amounts paid" to Fang "which were based on premiums [KCL] later refunded."

9

52. The Fang General Agent Contract further stated that "we may deduct any amounts you or your agents owe us or an affiliate company from any amounts due you. This will not affect our right to collect indebtedness by other means."

53. The Fang General Agent Contract further stated that "You agree to forfeit any amounts due you under this contract if you: . . . C. violate 1. the terms of this contract; 2. our rules; or 3. insurance laws or regulations in the states in which you and your subagents solicit applications."

54. On or around April 15, 2016, Defendant Fang and Plaintiff KCL also entered into a Business Organization Agreement (the "Golden Cove Business Organization Agreement") which amended the Fang General Agent Contract.  (**Exhibit D**).

55. The Golden Cove Business Organization Agreement enabled a New York corporation called Golden Cove Financial Group, Inc. to act as a general agent of KCL.

56. The Golden Cove Business Organization Agreement listed Fang as the Secretary of Golden Cove and as a person who holds a controlling interest in Golden Cove.

57. The Golden Cove Business Organization Agreement also identified Fang as a personal guarantor to the general agent contract.

58. As regards the personal guarantee provision, the Golden Cove Business Organization Agreement also stated that "[e]ach Personal Guarantor[] to the General Agent Contract . . . jointly and severally, agree(s) to guarantee all debt incurred by the business organization under the General Agent Contract and to grant a first lien security interest and assign to us all compensation which is or may be paid to the guarantor(s) by us, or on contracts with an affiliated company as security for payment of all debt and all other amounts due or that become due."

**The Termination of the Chen and Glen Bay Contracts**

59. By letter dated August 16, 2017, KCL informed Chen that KCL was terminating Chen's contract with KCL effective August 16, 2017.

60. Chen's termination was pursuant to Paragraph 8 of the Chen General Agent Contract, which provides that the contract "may be terminated by you or us, with or without cause, upon written notice mailed to the other's last known address."

61. Paragraph 8 of the Chen General Agent Contract also states that "Upon termination of this contract: . . . C. unless otherwise agreed in writing, any debt to the Company will be due and payable."

62. Upon information and belief, Chen stopped acting as a KCL agent on or about August 16, 2017.

63. By letter dated August 16, 2017, KCL informed Glen Bay that KCL was terminating Glen Bay's contract with KCL effective August 16, 2017.

64. Upon information and belief, Glen Bay stopped acting as a KCL agent on or about August 16, 2017.

**The Termination of the Fang and Golden Cove Contracts**

65. By letter dated August 16, 2017, KCL informed Fang that KCL was terminating Fang's contract with KCL effective August 16, 2017.

66. Fang's termination was pursuant to Paragraph 8 of the Fang General Agent Contract, which provides that the contract "may be terminated by you or us, with or without cause, upon written notice mailed to the other's last known address."

67. Paragraph 8 of the Fang General Agent Contract also states that "Upon termination of this contract: . . . C. unless otherwise agreed in writing, any debt to the Company will be due and payable."

68. Upon information and belief, Fang stopped acting as a KCL agent on or about August 16, 2017.

69. By letter dated August 16, 2017, KCL informed Golden Cove that KCL was terminating Golden Cove's contract with KCL effective August 16, 2017.

70. Upon information and belief, Golden Cove stopped acting as a KCL agent on or about August 16, 2017.

**KCL Rescinds and Cancels Policies Sold By Chen, Glen Bay, Fang, and Golden Cove**

71. During 2017 and 2018, KCL rescinded by agreement with the policyholders and cancelled approximately sixty-six (66) policies. Certain of the policies had been sold by Chen and Glen Bay and certain of the policies had been sold by Fang and Golden Cove.

72. As part of the rescission and cancellation of the policies, KCL refunded to the policyholders all premiums paid on the policies.

73. KCL had previously paid Chen, Glen Bay, or subagents employed by Chen and Glen Bay a total of $566,139.92 in commissions on policies that were later rescinded and cancelled.

74. Because of these events, KCL has advanced commissions totaling $566,139.92 to Chen, Glen Bay and its subagents which they have not earned.

75. Accordingly, the total current indebtedness of Chen and Glen Bay to KCL is $566,139.92.

76. KCL had previously paid Fang, Golden Cove, or subagents employed by Fang and Golden Cove a total of $169,691.23 in commissions on policies that were later rescinded and cancelled.

77. Because of these events, KCL has advanced commissions totaling $169,691.23 to Fang, Golden Cove and its subagents which they have not earned.

78. Accordingly, the total current indebtedness of Fang and Golden Cove to KCL is $169,691.23.

79. KCL anticipates that it will rescind and cancel additional policies sold by Chen, Glen Bay, Fang, and Golden Cove.

**KCL Demands That Chen, Glen Bay, Fang, and Golden Cove Repay Unearned Commissions**

80. By letter to Chen and Glen Bay dated April 23, 2018, KCL demanded the repayment of the total (then) current indebtedness amount accrued under the Chen General Agent Contract which was terminated effective August 15, 2017.

81. To date, Chen and/or Glen Bay have not responded to KCL's demand or repaid the debt.

82. By letter to Fang and Golden Cove dated April 23, 2018, KCL demanded the repayment of the total (then) current indebtedness amount accrued under the Fang General Agent Contract which was terminated effective August 15, 2017.

83. To date, Fang and/or Golden Cove have not responded to KCL's demand or repaid the debt.

**COUNT ONE**
**BREACH OF CONTRACT**
**(As against Jun R. Chen)**

84. KCL repeats and realleges the allegations of Paragraphs 1 through 83 of this Complaint as if fully set forth herein.

85. KCL and Chen entered into and were parties to the Chen General Agent Contract, which was a valid and enforceable contract.

86. At all relevant times, KCL fully performed all of its obligations under the Chen General Agent Contract.

87. Chen failed to perform his obligations under the Chen General Agent Contract by failing to repay KCL the sum of $566,139.92 which was owed to KCL by Chen as repayment of commissions KCL refunded to policyholders when KCL rescinded and terminated their policies.

88. Chen's failure to repay the commissions to KCL constitutes a material breach of Paragraph 6(A) of the Chen General Agent Contract which states that the general agent "agree[s] to repay any amounts paid" to the general agent "which were based on premiums [KCL] later refunded."

89. As a direct and proximate result of Chen's breach of contract, KCL has sustained damages in an amount to be proven in this action, but which damages are not less than $566,139.92, which KCL is entitled to recover from Chen, together with interest from the date of the breach, and KCL's attorneys' fees, costs and expenses.

## COUNT TWO
## BREACH OF CONTRACT
## (As against Jun R. Chen)

90. KCL repeats and realleges the allegations of Paragraphs 1 through 89 of this Complaint as if fully set forth herein.

91. KCL and Chen entered into and were parties to the Glen Bay Business Organization Agreement, which was a valid and enforceable contract.

92. At all relevant times, KCL fully performed all of its obligations under the Glen Bay Business Organization Agreement.

93. Chen failed to perform his obligations under the Glen Bay Business Organization Agreement by failing to repay KCL the sum of $566,139.92 which was owed to KCL by Chen as repayment of commissions KCL refunded to policyholders when KCL rescinded and terminated their policies.

94. As a personal guarantor of the Glen Bay Business Organization Agreement, Chen's failure to repay the commissions to KCL also constitutes a material breach of the provision in the Glen Bay Business Organization Agreement which states that "[e]ach Personal Guarantor[] to the General Agent Contract . . . jointly and severally, agree(s) to guarantee all debt incurred by the business organization under the General Agent Contract and to grant a first lien security interest and assign to us all compensation which is or may be paid to the guarantor(s) by us, or on contracts with an affiliated company as security for payment of all debt and all other amounts due or that become due."

95. As a direct and proximate result of Chen's breach of contract, KCL has sustained damages in an amount to be proven in this action, but which damages are not less than $566,139.92, which KCL is entitled to recover from Chen, together with interest from the date of the breach, and KCL's attorneys' fees, costs and expenses.

## COUNT THREE
## BREACH OF CONTRACT
## (As against Glen Bay Marketing Network Inc.)

96. KCL repeats and realleges the allegations of Paragraphs 1 through 95 of this Complaint as if fully set forth herein.

97. KCL and Glen Bay entered into and were parties to the Glen Bay Business Organization Agreement, which was a valid and enforceable contract. The Glen Bay Business Organization Agreement amended the Chen General Agent Contract to permit the business organization of Glen Bay Marketing Network to also serve as a general agent of KCL.

98. At all relevant times, KCL fully performed all of its obligations under the Chen General Agent Contract and the Glen Bay Business Organization Agreement.

99. Glen Bay failed to perform its obligations under the Chen General Agent Contract and the Glen Bay Business Organization Agreement by failing to repay KCL the sum of $566,139.92 which was owed to KCL by Glen Bay as repayment of commissions KCL refunded to policyholders when KCL rescinded and terminated their policies.

100. Glen Bay's failure to repay the commissions to KCL constitutes a material breach of Paragraph 6(A) of the Chen General Agent Contract which states that the general agent "agree[s] to repay any amounts paid" to the general agent "which were based on premiums [KCL] later refunded."

101. As a direct and proximate result of Glen Bay's breach of contract, KCL has sustained damages in an amount to be proven in this action, but which damages are not less than $566,139.92, which KCL is entitled to recover from Glen Bay, together with interest from the date of the breach, and KCL's attorneys' fees, costs and expenses.

## COUNT FOUR
## BREACH OF CONTRACT
## (As against CuiCui Fang a/k/a Bella Fang)

102. KCL repeats and realleges the allegations of Paragraphs 1 through 101 of this Complaint as if fully set forth herein.

103. KCL and Fang entered into and were parties to the Fang General Agent Contract, which was a valid and enforceable contract.

104. At all relevant times, KCL fully performed all of its obligations under the Fang General Agent Contract.

105. Fang failed to perform his obligations under the Fang General Agent Contract by failing to repay KCL the sum of $169,691.23 which was owed to KCL by Fang as repayment of commissions KCL refunded to policyholders when KCL rescinded and terminated their policies.

16

106. Fang's failure to repay the commissions to KCL constitutes a material breach of Paragraph 6(A) of the Fang General Agent Contract which states that the general agent "agree[s] to repay any amounts paid" to the general agent "which were based on premiums [KCL] later refunded."

107. As a direct and proximate result of Fang's breach of contract, KCL has sustained damages in an amount to be proven in this action, but which damages are not less than $169,691.23, which KCL is entitled to recover from Fang, together with interest from the date of the breach, and KCL's attorneys' fees, costs and expenses.

## COUNT FIVE
## BREACH OF CONTRACT
## (As against CuiCui Fang a/k/a Bella Fang)

108. KCL repeats and realleges the allegations of Paragraphs 1 through 107 of this Complaint as if fully set forth herein.

109. KCL and Fang entered into and were parties to the Golden Cove Business Organization Agreement, which was a valid and enforceable contract.

110. At all relevant times, KCL fully performed all of its obligations under the Golden Cove Business Organization Agreement.

111. Fang failed to perform her obligations under the Golden Cove Business Organization Agreement by failing to repay KCL the sum of $169,691.23 which was owed to KCL by Fang as repayment of commissions KCL refunded to policyholders when KCL rescinded and terminated their policies.

112. As a personal guarantor of the Golden Cove Business Organization Agreement, Fang's failure to repay the commissions to KCL also constitutes a material breach of the provision in the Golden Cove Business Organization Agreement which states that "[e]ach

Personal Guarantor[] to the General Agent Contract . . . jointly and severally, agree(s) to guarantee all debt incurred by the business organization under the General Agent Contract and to grant a first lien security interest and assign to us all compensation which is or may be paid to the guarantor(s) by us, or on contracts with an affiliated company as security for payment of all debt and all other amounts due or that become due."

113. As a direct and proximate result of Fang's breach of contract, KCL has sustained damages in an amount to be proven in this action, but which damages are not less than $169,691.23, which KCL is entitled to recover from Fang, together with interest from the date of the breach, and KCL's attorneys' fees, costs and expenses.

## COUNT SIX
## BREACH OF CONTRACT
## (As against Golden Cove Financial Group, Inc.)

114. KCL repeats and realleges the allegations of Paragraphs 1 through 113 of this Complaint as if fully set forth herein.

115. KCL and Golden Cove entered into and were parties to the Golden Cove Business Organization Agreement, which was a valid and enforceable contract. The Glen Bay Business Organization Agreement amended the Fang General Agent Contract to permit the business organization of Golden Cove Financial Group, Inc. to also serve as a general agent of KCL.

116. At all relevant times, KCL fully performed all of its obligations under the Fang General Agent Contract and the Golden Cove Business Organization Agreement.

117. Golden Cove failed to perform its obligations under the Fang General Agent Contract and the Golden Cove Business Organization Agreement by failing to repay KCL the sum of $169,691.23 which was owed to KCL by Golden Cove as repayment of commissions KCL refunded to policyholders when KCL rescinded and terminated their policies.

118. Golden Cove's failure to repay the commissions to KCL constitutes a material breach of Paragraph 6(A) of the Fang General Agent Contract which states that the general agent "agree[s] to repay any amounts paid" to the general agent "which were based on premiums [KCL] later refunded."

119. As a direct and proximate result of Golden Cove's breach of contract, KCL has sustained damages in an amount to be proven in this action, but which damages are not less than $169,691.23, which KCL is entitled to recover from Golden Cove, together with interest from the date of the breach, and KCL's attorneys' fees, costs and expenses.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against Defendants Chen and Glen Bay in this action for the following relief: joint and several liability for (1) damages of not less than $566,139.92; (2) applicable interest from the date of breach; (3) KCL's attorneys' fees, costs and expenses in this action; and (4) such other and further relief as may be appropriate.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against Defendants Fang and Golden Cove in this action for the following relief: joint and several liability for (1) damages of not less than $169,691.23; (2) applicable interest from the date of breach; (3) KCL's attorneys' fees, costs and expenses in this action; and (4) such other and further relief as may be appropriate.

## JURY DEMAND

Plaintiffs respectfully demand a trial by jury as to all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Plaintiffs hereby designate Shawn L. Kelly as trial counsel in this matter.

Dated: Short Hills, New Jersey
August 7, 2018

**DENTONS US LLP**

*s/ Shawn L. Kelly*

By: Shawn L. Kelly, Esq.
Erika M. Lopes-McLeman, Esq.
shawn.kelly@dentons.com
erika.lopes-mcleman@dentons.com
101 JFK Parkway, 4th Floor
Short Hills, New Jersey 07078
Telephone: (973) 912-7100
Facsimile: (973) 912-7199
*Attorneys for Plaintiff Kansas City Life Insurance Company*

108517220